O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1966 AHM (AJWx) | Date | August 7, 2009 |
|---|---|---|---|
| Title | NAFIZ B. HAFIZ v. CITIMORTGAGE, INC., *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

Plaintiff brought this action against mortgage brokers Kevron Investments, Inc. (KII), Kevin Rhatigan, and Jamie Arroyo ("Kevron Defendants") and mortgage lenders, CitiMortgage, Inc., CitiBank West, and CitiBank N A ("Citi Defendants"). Kevron Defendants and Citi Defendants filed separate motions to dismiss Plaintiff's Second Amended Complaint (SAC) under Rule 12(b)(6). Plaintiff failed to respond. The Court GRANTS the Defendants' motions without leave to amend for the following reasons:

1) As to most of the claims incorporated into the SAC, the defects that led the Court to dismiss the First Amended Complaint have not been cured.

2) As to the remaining claims, which might have passed muster under previous standards for surviving a challenge to a pleading, in Plaintiff's SAC—which is his third effort to raise viable claims—they do not survive the heightened requirement under *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009).

3) Plaintiff filed no response to the Defendants' motions to dismiss either this SAC or the First Amended Complaint. The failure to file an opposition to a motion may be deemed consent to the granting of that motion. Local Rule 7-12.

/ / /

/ / /

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1966 AHM (AJWx) | Date | August 7, 2009 |
|---|---|---|---|
| Title | NAFIZ B. HAFIZ v. CITIMORTGAGE, INC., *et al.* | | |

    4) Plaintiff's counsel has exhibited a pronounced tendency to treat this case as if it warrants no meaningful effort, and if the Court granted leave to amend yet again, Plaintiff's counsel undoubtedly would come up with a defective Third Amended Complaint that would subject Defendants and the Court to further wasteful motions practice.

    No hearing is necessary.  Fed. R. Civ. P. 78; L. R. 7-15.

                                                                                                 :

                                                     Initials of Preparer          SMO